**SO ORDERED.**

**SIGNED this 21 day of May, 2008.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

LIAM PATRICK GEATZ and
STACY LYNN GEATZ,

     DEBTORS                             CASE NO. 08-01384-8-JRL

_____

**ORDER**

        This case is before the court on the motion of Liam and Stacy Geatz ("debtors") to disregard the debtors' "current monthly income," listed in their Form B22C, in determining income available to fund their Chapter 13 plan.

        On February 29, 2008, the debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code. The debtors' Schedule I lists their average monthly income as $2,895.00, and their Form B22C lists their "current monthly income" as $4,034.00. The debtors' present motion contends that their Schedule I income more accurately reflects their anticipated monthly income over the next six months because the male debtor is currently unemployed and is not anticipating any substantial work in the next twelve months. Accordingly, the debtors seek to use this Schedule I figure, as opposed to Form B22C's "currently monthly income," in determining their available

income to fund their Chapter 13 plan.

Were this case governed by the Bankruptcy Code prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), the relief presently sought by the debtors would have been clearly within the court's discretion. However, BAPCPA has eliminated any such discretion. The new law "plainly sets forth a new definition and method for calculating disposable income, and Form B22C is the tool for arriving at that disposable income figure . . . ." In re Alexander, 344 B.R. 742, 747 (Bankr. E.D.N.C. 2006). Therefore, the debtors' motion to use their Schedule I in determining income available to fund their Chapter 13 plan is denied. However, the denial of this motion in no way precludes the debtors from seeking the court's permission to re-file their Schedule I and Form B22C in order to calculate their "current monthly income" using a six-month period other than the six months immediately preceding their bankruptcy petition. See e.g., In re Corey, Case No. 07-03402-8-JRL (Bankr. E.D.N.C. Jan. 10, 2008); In re McQueen, Case. No. 07-03011-8-JRL (Bankr. E.D.N.C. Dec. 21, 2007).

"**END OF DOCUMENT**"